UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**Motion DENIED as MOOT.**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:13-cr-00094 |
| | ) | |
| MICHAEL G. TANGREDI | ) | JUDGE TRAUGER |

## GOVERNMENT'S MOTION *IN LIMINE* RE ANTICIPATED CLAIM OF COERCION OR DURESS

The government has reasonable grounds to anticipate that at trial defendant may attempt to convey to the jury that he engaged in the charged conduct as a result of blackmail or extortion regarding threatened revelation of a personal matter; but not, however, as a result of a threat of imminent death or serious bodily injury.

The government in no way concedes that defendant's conduct was in any way motivated by any sort of threat. However, the law of this circuit is that a claim of coercion or duress may not be advanced as an affirmative defense unless a defendant is able to establish all five factors set forth in Sixth Circuit Pattern Jury Instruction 6.05. These factors include the requirement that death or serious injury be threatened, as opposed to embarrassment or some other undesirable but non-qualifying result; that defendant had no reasonable legal alternative to violating the law; and that defendant did not maintain the conduct longer than necessary. If a defendant fails to establish any one of the five required factors, no evidence regarding any portion of such a claim is admissible.

The Sixth Circuit has noted that when the instant issue is raised by motion prior to trial, the proper course is to require that a defendant proffer evidence on which he will rely to meet the legal duress criteria, before to presentation of evidence thereon to the jury. If the Court finds that